| JOHN LADD | * | NO. 2022-CA-0212 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| LAW ENFORCEMENT | * | |
| DISTRICT FOR THE PARISH | | FOURTH CIRCUIT |
| OF ORLEANS, ORLEANS | * | |
| PARISH SHERIFF'S OFFICE, | | STATE OF LOUISIANA |
| SHERIFF MARLIN N. | * * * * * * * | |
| GUSMAN, IN HIS OFFICIAL | | |
| CAPACITY AS SHERIFF OF | | |
| ORLEANS PARISH, AND | | |
| CARMEN DESADIER, | | |
| INDIVIDUALLY AND IN HER | | |
| CAPACITY AS AN OFFICER | | |
| OF THE ORLEANS PARISH | | |
| SHERIFF'S OFFICE | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-03569, DIVISION "A"
Honorable Ellen M Hazeur, Judge

* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge
Paula A. Brown)

**BROWN, J., CONCURS IN THE RESULT**


Michael R. Allweiss
LOWE STEIN HOFFMAN ALLWEISS & HAUVER, L.L.P.
701 Poydras Street
Suite 3600
New Orleans, LA 70139-7735


COUNSEL FOR PLAINTIFF/APPELLANT

Stephen D. Marx
CHEHARDY SHERMAN WILLIAMS RECILE & HAYES, LLP
One Galleria Boulevard
Suite 1100
Metairie, LA 70001


COUNSEL FOR DEFENDANT/APPELLEE


**AFFIRMED**
**OCTOBER 5, 2022**

*DLD*
*RLB*

This is an appeal from the trial court's January 20, 2022 Judgment dismissing Appellant's, John Ladd's, state Whistleblower claim (La. R.S. 23:967). For the following reasons, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

John Ladd ("Ladd") began his employment with the Orleans Parish Sheriff's Office ("OPSO") on April 28, 2014. During his tenure at OPSO, Ladd was tasked with supervisory responsibilities over four officers, including Officer Dana Busby ("Busby"). On September 2, 2015, Officer Busby received an anonymous tip that Wilbert Robinson ("Robinson"), an OPSO inmate, was being escorted to visit a woman while Robinson was to be participating in a work-release program. Busby relayed the information to Ladd who in turn reported it to his supervisors, Lieutenant Joseph Catalonotto ("Catalonotto") and Major Ed Hosli ("Hosli").

With the information obtained by Busby, OPSO obtained search warrants to track OPSO vehicles and determine whether any Officers were involved in the alleged activities. Ladd was the primary investigator assigned to the case. While the investigation remained ongoing, then-Chief Carmen DeSadier ("DeSadier") re-assigned the supervision of Ladd to Lieutenant John Morreale ("Morreale").

1

Shortly thereafter, the vehicle tracking devices exposed OPSO Officer Raymond Jacques ("Jacques") as Robinson's driver.

On October 1, 2015, DeSadier instructed Ladd to terminate the investigation into the Robinson matter as Robinson would no longer be permitted to work offsite. Ladd terminated his investigation accordingly. However, on October 15, 2015, Ladd reported to Morreale that he heard Robinson's offsite visits persisted. Ladd expressed his concerns directly to Morreale who in turn reported Ladd's concerns directly to DeSadier.

That afternoon DeSadier and Morreale met with Ladd, at which time Ladd was informed he was immediately suspended for "employee misconduct" and that an investigation of Ladd would be opened regarding the alleged alteration of a report as well as the alleged leaking of information related to the Robinson investigation.

An investigation into the alleged actions of Ladd was opened by OPSO on October 26, 2015, eleven days after Ladd's immediate suspension had been implemented. Julian Augustus ("Augustus") was assigned to conduct the investigation with the assistance of Ernest Newman ("Newman"). Augustus and Newman reviewed the drafts/reports that had been created by Busby concerning the Robinson matter, and which had been allegedly altered by Ladd. Neither Augustus nor Newman submitted a signed investigation report on the matter to their rank, notified Ladd of their findings in writing, or referred Ladd to the Disciplinary Board, all of which are standard OPSO procedures. After Ladd had been suspended without pay for nearly one month, and as Ladd believed his suspension would continue indefinitely, he resigned from OPSO on his own

2

volition on November 12, 2015. Prior to resigning he had not made any employee-related complaint.

On April 6, 2016, Ladd filed the current suit against OPSO, alleging that OPSO's failure to schedule a disciplinary hearing in accordance with its standard policies amounted to the intentional, constructive discharge of Ladd even though Ladd was protected by Louisiana's Whistleblower statute.[1] *See* La. R.S. 23:967. Trial on the merits was held on November 15, 2021. After presentation of all of the evidence and argument of counsel, the obstruction of justice charge was dismissed. The trial court further found that Officer Jacques's participation in Robinson's escapes did not amount to an "employment act or practice" under La. R.S. 23:967, and that Ladd failed to establish that he objected to the alleged violations of state law. Accordingly, the trial court rendered a Judgment dismissing each of Ladd's claims, including his Whistleblower claim, on January 20, 2022. This appeal timely followed.

## STANDARD OF REVIEW

The trial court's Judgment dismissing Ladd's Whistleblower claim is based on findings of fact. As such, the manifest error/clearly wrong standard of review applies. In order to reverse a trial court's findings of fact,

> "…the appellate court [must] apply a two-part test: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes the finding is clearly wrong (manifestly erroneous)."

---

[1] Also named as defendants in Ladd's Petition were the Law Enforcement District for the Parish of Orleans, Sheriff Marlin N. Gusman in his official capacity as Sheriff of Orleans Parish, and Carmen DeSadier individually and in her official capacity as an Officer of the Orleans Parish Sheriff's Office.

*Greenblatt v. Sewerage & Water Board of New Orleans*, 19-0694, p. 3 (La. App. 4 Cir. 12/20/19), 287 So.3d 763, 766 (citing *Wilson v. Veolia Transp. Servs., Inc.*, 15-0998, p. 3 (La. App. 4 Cir. 4/13/16), 192 So.3d 245, 248 (citing *Mart v. Hill*, 505 So.2d 1120, 1127 (La.1987)). A proper application of this test requires

> "[t]he reviewing court [to] review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one."

*Id*. at pp. 3-4 So3d at 766. "Where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong, even if the reviewing court would have decided the case differently." *Greenblatt*, 19-0694, p. 4, 287 So.3d at 766, 767 (quoting *Everhardt v. Louisiana Dep't of Transp. & Dev.*, 07-0981, p. 18 (La. App. 4 Cir. 2/20/08) 978 So.2d 1036, 1049). "Accordingly, reasonable evaluations of credibility and reasonable inferences of fact are not to be disturbed…even though [the court] may feel its own evaluations and inferences are more reasonable…." *Id*. at p. 4, 287 So.3d at 767.

## DISCUSSION

Louisiana's Whistleblower statute is narrowly tailored and provides protection from reprisal for employees who,

> "…after advising the employer of the violation of law:
>
> 1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
> 2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
> 3) Objects to or refuses to participate in an employment act or practice that is in violation of law."

La. R.S. 23:967. Four (4) elements are essential, then, for an employee to prevail on a Whistleblower claim. To establish protected Whistleblower status, Ladd must

prove that (1) Officer Jacques 's involvement in Robinson's escapes was actually a workplace act or practice of OPSO; (2) Ladd advised OPSO of the principal/escape violation; (3) Ladd either disclosed or threatened to disclose the violation, provided information to or testified before a public investigatory agency in relation to the violation, or objected to or refused to participate in the unlawful actions; and (4) OPSO retaliated against Ladd as a result. See *Hale v. Touro Infirmary*, 2004-0003, p. 10 (La. App. 4 Cir. 11/3/04); 886 So.2d 1210, 1216.

The trial court held that Ladd failed to prove all of the elements required to prevail on his Whistleblower claim. We agree. The facts adduced by the trial court provide a reasonable basis for finding that Ladd failed to establish all of the mandatory Whistleblower elements. Moreover, the trial court pointed out that OPSO never committed an obstruction of justice as defined in La. R.S. 14:130.1, a finding that Ladd ultimately concedes in his appellant brief. As such, Ladd's appeal is limited to the trial court's findings as to the escape/principal allegations. After a thorough review of the record in its entirety, we find that the trial court's Judgment dismissing Ladd's Whistleblower claim was neither clearly wrong nor manifestly erroneous.

### *Simple Escape/Principal to Simple Escape*

**Element No. 1 — Employer Workplace Act or Practice**

Ladd avers that OPSO's workplace acts or practices violated state law because Jacques was a principal party to the crime of simple escape. Simple escape is defined as:

> (1) The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such a person is legally confined, from a designate area of a place where such a person is legally confined,

5

or from the lawful custody of any law enforcement officer or officer of the Department of Safety and Corrections.

(2) The failure of a criminal serving a sentence and participating in a work release program authorized by law to report or return from his planned employment or other activity under the program at the appointed time.

(3) The failure of a person who has been granted a furlough under the provisions of R.S. 15:8333 or R.S. 15:908 to return to his place of confinement at the appointed time.

La. R.S. 14:110.   Principals to crimes are "[a]ll persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime."  La. R.S. 14:24.

We do not feel that Robinson's actions constitute an escape.  Though Robinson may have left the Jacques's immediate custody, Robinson never failed to report or return from his planned employment or other activity at the appointed time.  Robinson was participating in a quasi-work-release program when Jacques allowed him to visit his girlfriend.  The facts indicate that Officer Jacques "dropped off" Robinson and waited in his vehicle outside of Robinson's girlfriend's house until Robinson returned.  There was no testimony that Robinson ever left the supervision of Jacques.  And though Robinson was presented many opportunities to commit an escape during these visits, his willful and punctual return to Jacque's custody is further evidence that Robinson never actually perpetrated an escape.

Furthermore, even if Robinson's actions did constitute an escape, Ladd failed to equate Jacques's actions with the actions of OPSO.  Louisiana's Whistleblower statute "covers only serious violations committed by the employer, not illegal acts of a mere co-worker." *Goulas v. LaGreca*, 945 F. Supp. 2d 693, 703 (E.D.L.A. 2013).  Jacques was merely a low-level OPSO officer who acted by

6

his own volition. Ladd presented no evidence proving that OPSO condoned Jacques's actions. Further, Ladd failed to show that any OPSO employee other than Jacques participated in the acts. The illegal acts of a mere employee do not rise to the level of "serious violations committed by the employer." *Id*.

We find that Robinson's and Jacques's actions do not meet the statutory requirements of simple escape. Considering that no crime was committed, Ladd failed to meet the first element to prevail on his Whistleblower claim. However, even if a crime had been committed, Ladd failed to show that Jacques's actions rose to the level of an employment act or practice, and Ladd again failed to establish the first Whistleblower element.

**Element No. 2 — Employee Must Advise Employer of the Crime**

Ladd alleges that he apprised OPSO of Robinson's alleged simple escapes and Jacques's participation therein. In fact, Ladd had received the information from Busby and reported it up the chain of command. Louisiana Courts have held that the requirement to advise an employer of a crime is reserved for the employee who actually discovers said crime. See *Mabry v. Andrus*, 45-135 (La. App. 2 Cir. 4/14/10) 34 So.3d 1075, *writ denied*, 2010-1368 (La. 9/24/10) 45 So.3d 1079 (holding that plaintiff successfully advised his employer of a crime when "he found" substantial accounting errors).

Here, Ladd did not personally discover the actions of Robinson/Jacques. He was merely the supervising officer to whom the allegations were directly reported. Thus, Ladd is afforded no protection under the Whistleblower statute, as he merely reported information to his ranking officers in accordance with his duties. Ladd failed to prove that he advised his employer of a crime.

**Element No. 3 – Disclosure, Testimony, Objection or Refusal to Participate**

7

Ladd admits that he neither disclosed nor threatened to disclose information about the Robinson matter, nor did he testify to a body investigating the matter. Instead, Ladd avers that he objected to the fact that Robinson's escapes persisted after DeSadier instructed Ladd to terminate his investigation into the matter. Ladd points to the conversation between himself and Morreale on the morning of October 15, 2015, in which Ladd informs Morreale that Robinson is still being allowed to visit his girlfriend outside of OPSO custody. However, the record indicates that Ladd objected to what he perceived to be an obstruction of justice, not to Robinson's/Jacque's alleged simple escape. Ladd's Petition for Damages states "[a]s DeSadier had both removed Ladd and terminated the investigation claiming a flight risk and as Robinson was still allowed to leave the jail, the removal of Ladd and the termination of the investigation appeared to Ladd to be an obstruction of justice and Ladd reported his conclusion to Catalonotto and Hosli." Further, the Petition avers "[o]n October 15, 2015…Ladd advised Morreale that there was a problem as Robinson had again been seen out of the jail, and again raised concern over a potential obstruction of justice."

The trial court found that Ladd failed to satisfy the objection element of his Whistleblower claim because the alleged crime to which he objected, obstruction of justice, never occurred. Ladd conceded this in his post-trial brief as well as in his appellant brief. Ladd argues that he objected to Robinson's/Jacque's alleged escapes when he reported to Morreale on October 15, 2015. However, Ladd's Petition for Damages clearly states that he objected to what he perceived to be an obstruction of justice. Being that no obstruction of justice took place, we agree with the trial court's ruling that Ladd did not prove he engaged in any of the

actions protected under La. R.S. 23:967(A). Thus, Ladd failed to prove the third element of his Whistleblower claim.

**Element No. 4 – Employer Reprisal**

Ladd argues that by implementing a suspension without pay and failing to schedule a Disciplinary Board hearing, OPSO took reprisal against him by constructively firing him. "To establish prima facie case against employer for retaliation, employee must prove by preponderance of evidence that: (1) he or she engaged in protected activity; (2) adverse employment action occurred; and (3) causal link existed between protected activity and adverse employment action." *Tatum v. United Parcel Service*, Inc., 10-1053, p. 17 (La. App. 5 Cir. 11/15/11) 79 So.3d 1094, 1104, *writ denied*, 2011-2783 (La. 2/17/12), 82 So. 3d 290. As discussed above, Ladd's actions were not protected under the Whistleblower statute. Moreover, Ladd was not constructively fired; he resigned on his own volition after nearly a month of suspension without pay. OPSO neither coerced nor forced Ladd to resign. Rather, Ladd chose not to appeal his suspension and decided instead to step down from his position. As a result, Ladd has failed to prove the necessary element of employer reprisal.

## CONCLUSION

We find that Ladd failed to prove the four elements essential for prevailing on a Whistleblower claim. Accordingly, for the reasons set forth, we affirm the trial court's January 20, 2022 Judgment dismissing Ladd's La. R.S. 23:967 Whistleblower suit.

**AFFIRMED**